UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MIRANDA SHADDAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 4:06-cv-0088-JDT-WGH |
| ) | |
| ALFREDO RODRIGUEZ MAHUAD, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON MOTION TO REMAND (Doc. No. 10)**[1]

The Plaintiff, Miranda Shadday ("Ms. Shadday"), filed a Motion to Remand (Document No. 10) to state court on June 26, 2006.  She contends that this court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000, exclusive of interests and costs, as required for diversity jurisdiction, which was the basis for removal.  Specifically, she argues that the amount in controversy cannot be based on a valuation given in a related case involving the same nucleus of operative facts except for a different party defendant who is less able to pay a substantial judgment.  She also bases her motion on her post-removal demand for damages of less than $75,000.  Counsel for the Defendant, Alfredo Rodriguez Mahuad ("Mr. Rodriguez"), has informed the court staff that Mr. Rodriguez will not be filing a response to Ms. Shadday's motion.  As a result, the motion is ripe for review.  The court rules as follows.

---

[1] This Entry is a matter of public record and will be made available on the court's web site.  However, the discussion contained herein is not sufficiently novel to justify commercial publication.

## I.  BACKGROUND

Ms. Shadday is seeking an unspecified amount of damages for the pain, suffering, medical expenses, lost income and other harm resulting from Mr. Rodriguez's sexual assault upon her on May 2, 2004.  (Compl. ¶¶ 2, 4.)  Mr. Rodriguez was later convicted of sexual abuse.  (*Id.* ¶ 2.)  While Ms. Shadday's complaint provides few other details, this court may take notice of the record established in a related proceeding of this court.  *See, e.g., Philips Med. Sys. Int'l, B.V. v. Bruetman, M.D.*, 982 F.2d 211, 215 (7th Cir. 1992) (overruling objection to taking judicial notice of default judgment in related litigation); *Kamsler v. M.F.I. Corp.*, 359 F.2d 752, 753 (7th Cir. 1966) (taking notice of proceedings in related litigation when the appellate record failed to note appellant's conviction).  The record may be found in *Shadday v. Omni Hotels Management Corp.*, 2006 WL 693680 (S.D. Ind. Mar. 13, 2006).[2]

The relevant details are this.  The assault occurred in the Omni Shoreham Hotel in Washington, D.C., where both were guests at the time.  (*Id.* at *1.)  Ms. Shadday, a resident of Ripley County, Indiana, was attending a union conference.  (*Id.* )  Mr. Rodriguez, a citizen of Guatemala, where the record also suggests he resides, was accompanying a delegation of Guatemalan officials to the nation's capital.  (*Id.* at *2.)  The two met in a hotel lounge, where Mr. Rodriguez bought her two drinks.  (*Id.*)  Later, as Ms. Shadday was returning to her room, Mr. Rodriguez assaulted her, first in the hotel lobby and then in a hotel elevator.  (*Id.*)  Mr. Rodriguez subsequently was arrested

---

[2] Entry Granting Def. Omni Hotels Mgmt. Corp.'s Mot. Partial Summ. J. (Doc. 19), 1:04-cv-1219.

2

and pleaded guilty to misdemeanor sexual abuse.  (*Id.*)  He was sentenced to 180 days in jail, placed on probation, and ordered to pay restitution of $8,000 to Ms. Shadday.  (Compl. Ex.)

Ms. Shadday filed a Complaint on May 2, 2006, in the Superior Court of Ripley County, Indiana, seeking damages for personal injuries stemming from Mr. Rodriguez's assault.  (Compl.)  In Indiana, the statute of limitations for personal injuries is two years.[3]  The complaint was filed exactly two years following the assault.

Mr. Rodriguez filed a Notice of Removal (Document No. 1) on June 7, 2006, alleging diversity of citizenship pursuant to 28 U.S.C. § 1332.  He alleges that the amount in controversy exceeded $75,000 because Ms. Shadday had sought more than this amount in her lawsuit against the Omni Shoreham Hotel in connection with Mr. Rodriguez's assault.  (Notice Removal  ¶ 5.)  Although ultimately unsuccessful in holding the hotel liable, Ms. Shadday sought to collect similar damages.  (Compl., *Shadday v. Omni Hotels Mgmt. Corp.*, 1:04-cv-1219.)

In this lawsuit, Mr. Rodriguez has also filed a Motion to Dismiss (Document No. 7) for lack of personal jurisdiction on June 12, 2006.  This motion remains pending.

---

[3] The statute of limitations in Washington, D.C., for personal injury actions is three years.  D.C. Code § 12-301 (2001).  However, unlike Indiana which has embraced comparative fault for most torts, *see* Ind. Code § 34-51-2-1 (2005), the District of Columbia still follows the doctrine of contributory negligence, which would bar Ms. Shadday from obtaining any damages if Mr. Rodriguez could show that she was at fault in any way.  *See Queen v. Wash. Metro. Area Transit Auth.*, 842 F.2d 476, 478 (D.C. Cir. 1988).

Ms. Shadday responded June 26, 2006, with the Motion to Remand that is the subject of this entry. She contends that the amount in controversy is less than $75,000 because "it is doubtful the Defendant in this case ... even has sufficient assets which Plaintiff could attach to satisfy a judgment in excess of $75,000." (Mot. Remand ¶ 8.) She further alleges that the amount in controversy is insufficient because, shortly after the notice of removal was filed, Ms. Shadday informed Mr. Rodriguez's counsel that she was demanding $25,000. (*Id.* ¶ 9.)

## II.  DISCUSSION

This case turns on the requirements for establishing the amount in controversy when removing a case to federal court on the basis of diversity. In many states this is often an easy issue. The amount of controversy is the monetary sum that the plaintiff seeks in good faith on the face of the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). However, in states that prohibit personal injury plaintiffs from listing a dollar figure in their claims for relief, *see* Ind. T.R. 8(A)(2), a defendant must sometimes establish the amount in controversy by other means. Lately, the Seventh Circuit has provided litigants and courts additional guidance on this issue. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006). Before discussing how *Sadowski* guides the court's decision in this case, a review of removal is helpful.

Removal allows a defendant to have an action filed in a state court transferred to the appropriate[4] federal court if the action originally could have been filed there. 28 U.S.C. § 1441(a); *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004); *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). As the party invoking the federal court's jurisdiction, the defendant bears the burden of demonstrating that jurisdiction exists. *Chase*, 110 F.3d at 427. Jurisdiction is determined as of the moment of removal, *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992), although the court may consider any evidence that "sheds light on the situation which existed when the case was removed." *Harmon v. Oki Sys.*, 115 F.3d 477, 480 (7th Cir. 1997).

A defendant seeking to establish jurisdiction on the basis of diversity must provide "competent proof" that the amount in controversy exclusive of interest and costs exceeds $75,000. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). In *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993), the Seventh Circuit noted that "competent proof" merely requires proof by a preponderance of the evidence. It defined this standard as "proof to a reasonable probability that jurisdiction exists." *Id.* This "reasonable probability" language was adopted by subsequent courts. *See, e.g.*, *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006); *Chase*, 110 F.3d at 427; *Brewer v. State Farm Mut. Auto. Ins. Co.*, 101 F. Supp. 2d 737, 739 (S.D. Ind. 2000). However, the Seventh Circuit has since disavowed this wording because, it

---

[4] The court must be in the district and division embracing the place where the state action was pending. 28 U.S.C. § 1441(a).

5

said, some courts erroneously believed that "reasonable probability" required a court to resolve any uncertainty about the amount in controversy against the removing defendant. *Sadowski*, 441 F.3d at 540. "We now retract that language: it has no role to play in determining the amount in controversy." *Id.*

To remove a case, the defendant need only "set out the basis of federal jurisdiction and prove any contested factual allegations." *Id.* When the plaintiff's complaint does not establish the amount in controversy, the defendant can point to relevant contentions or admissions, settlement demands, and other evidence. *Id.* at 541-42. The aim is not to show what the plaintiff is likely to collect. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Rather, the goal is to determine the cost or value of complying with the plaintiff's demands, from either party's perspective. *Sadowski*, 441 F.3d at 542. The preponderance of evidence standard comes into play only when the facts cited in support of jurisdiction are contested.[5] *Id.* at 543. "What the proponent of jurisdiction must 'prove' is contested factual assertions...." *Id.* at 540.

Motions to remand for lack of subject matter jurisdiction, pursuant to 28 U.S.C. 1447(c), do not shift the burden or change the standard of proof. *Brill,* 427 F.3d at 448. "Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction." *Id.* at

---

[5] In *Sadowski*, the Seventh Circuit indicated that when the facts supporting an estimate of the amount in controversy are contested, then the proper procedure for settling the dispute is a hearing under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *Sadowski*, 441 F.3d at 542.

447.  However, there is a wrinkle – the 'legal certainty' test.  This test is not part of the removing defendant's burden.  Nor is it concerned with amount in controversy.  *Id.* at 448.  Rather, legal certainty is a basis for remand when the law or circumstances show that, on the date that the case began, it was impossible for the plaintiff to recover the amount of money required for diversity jurisdiction.  *Johnson v. Wattenbarger*, 361 F.3d 991, 993  (7th Cir. 2004).  Unless there is such legal certainty, then the removing defendant need only establish a factual basis for asserting that the amount in controversy has been satisfied.  *Sadowski*, 441 F.3d at 543.

In this case, Mr. Rodriguez has done just that.  At the instant of removal, Ms. Shadday had provided no facts regarding the amount in controversy.  Not surprisingly, Mr. Rodriguez looked to the record of the Omni Hotels case, which involved the same assault, the same injuries, and the same request for damages.[6]  Only the parties and theories of liability differed.  In this case, Ms. Shadday's attorney advised Mr. Rodriguez's counsel that Ms. Shadday would be seeking damages exceeding $75,000.  (Notice Removal ¶ 7, *Shadday v. Omni Hotels Mgmt. Corp.* (Doc. 1), 1:04-cv-1219).  This fact was not contested then.  Nor is it contested now.  As such, under *Sadowski*, the valuation of Ms. Shadday's claim in the related case is a fact supporting Mr. Rodriguez's estimate of the amount in controversy.  Mr. Rodriguez does not need to prove jurisdiction.  "Jurisdiction itself is a legal conclusion, a *consequence* of facts rather than a provable 'fact'."  *Sadowski*, 441 F.3d at 541 (emphasis in the original).  He  must

---

[6] *Cf.* Compl., Notice Removal Ex. A  (Doc. 1), *Shadday v. Omni Hotels Mgmt. Corp.*, 1:04-cv-1219.

only provide a factual basis for jurisdiction, supported by a preponderance of the evidence if the facts are contested.

Ms. Shadday has not disputed the facts supporting this basis. Rather, she first argues that Mr. Rodriguez's estimate of the amount in controversy is not valid because the two cases involve different defendants and it is "doubtful" that she could collect a judgment in excess of $75,000 from Mr. Rodriguez. As discussed above, however, the likelihood of prevailing or collecting on a judgment, however, is irrelevant to the issue of removal unless the likelihood is zero. *See Brill*, 427 F.3d at 448. Ms. Shadday has not asserted, or provided facts in support, that it would be impossible to collect greater than $75,000 from Mr. Rodriguez. Thus her first argument fails because it is irrelevant to the defendant's burden of persuasion and it is insufficient for a legal impossibility claim.

Ms. Shadday next argues that the amount in controversy is less than $75,000 because Ms. Shadday has demanded only $25,000. This demand, however, was not made until June 22, 2006, 15 days after Mr. Rodriguez gave notice of removal of the case to this court. (*See* Mot. to Remand Ex. 1.) While a court may consider any evidence shedding light on the value of the case at removal, stipulations or affidavits as to the amount of damages must be filed prior to removal to be relevant. *In re Shell Oil Co.*, 970 F.2d at 356. "If the plaintiff could ... reduce the amount of his demand to defeat federal jurisdiction, the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *St. Paul Mercury*, 303 U.S. at 294. Nor would such a demand, even if binding, be grounds for a legal impossibility claim because, again, the relevant time period is the instant of removal. *See, e.g, Johnson*, 361 at 992. Her

8

second argument therefore fails for the same reasons as her first. It is irrelevant to the defendant's burden of persuasion and insufficient for a legal impossibility claim.

Mr. Rodriguez has provided a factual basis supporting his estimate that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required for this court's jurisdiction under 28 U.S.C. § 1332. Ms. Shadday has not provided any facts contesting this estimate. Nor has she shown, to a legal certainty, that she could not have recovered such an amount based on the circumstances at the time of removal. The court has jurisdiction over this action.

### III.  CONCLUSION

For the reasons stated above, the Motion to Remand (Document No. 10) is **DENIED**.

ALL OF WHICH IS ENTERED this 2nd day of August 2006.

_____

John Daniel Tinder, Judge
United States District Court

Copies to:

John F. Townsend, III
Townsend & Montross
townsendmontross@aol.com

Michael D. Rogers
Bose McKinney & Evans, LLP
mrogers@boselaw.com

Sarah Steele Riordan
Bose McKinney & Evans, LLP
sriordan@boselaw.com

Magistrate Judge William G. Hussmann, Jr.